UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------x
:
RAUL POLANCO,                                    :
:
                Petitioner,                 :
:     14-CV-1540 (TPG)
         – against –                           :
:     **OPINION**
THE UNITED STATES OF AMERICA,                    :
:
                Respondent.                 :
:
------------------------------------------------x

     Raul Polanco ("movant") brings this motion to vacate, set aside, or correct his sentence arguing that he received ineffective assistance of counsel in accepting his plea agreement and at sentencing. Movant also argues that his defense counsel, attorney Scott Brettschneider, has repeatedly refused to supply him with a copy of his client file. The government opposes the motion on the grounds that movant waived his right to appeal or collaterally attack his sentence, and that he has not presented a cognizable claim for relief under 28 U.S.C. § 2255.

     The motion to vacate, set aside, or correct sentence is denied because movant knowingly and voluntarily waived his right to collaterally attack his sentence.

## Background

     In January of 2011 a grand jury indicted movant on two counts: (1) conspiracy to distribute and possess cocaine and heroin, and (2) using and

1

carrying a firearm in furtherance of the offense. Indict. ¶¶ 1–5. In June of 2011, movant accepted a plea agreement whereby he agreed to plead guilty to the first count of the indictment. See Plea Agreement at 1. As part of the plea agreement, movant agreed not to appeal or collaterally attack his sentence. Id. at 5. The appeal waiver reads as follows:

> It is agreed (i) that the defendant will not file a direct appeal; nor bring a collateral challenge, including but not limited to an application under Title 28, United States Code, Section 2255 and/or Section 2241; nor seek a sentence modification pursuant to Title 18, United States Code, Section 3582 (c), of any sentence within or below the Stipulated Guidelines Range of 168 to 210 months imprisonment . . . .

Plea Agreement at 5.

Movant pled guilty before Magistrate Judge Ronald Ellis on July 27, 2011. See Tr. July 27, 2011 at 18–19. At the plea hearing Judge Ellis questioned movant regarding his appeal waiver, and the following exchange occurred:

> THE COURT: Do you understand that one of the things in the plea agreement is the calculation of a stipulated guideline range and according to the agreement the stipulated guideline range is 168 to 210 months with a mandatory minimum term of 120 months?
>
> [THE MOVANT]: Yes.
>
> THE COURT: Your attorney went over that with you?
>
> [THE MOVANT]: Yes.
>
> THE COURT: Do you understand that the agreement indicates that you will not file a direct appeal nor otherwise litigate any sentence within or below the stipulated guideline range of 168 to 210 months?
>
> [THE MOVANT]: Yes.
>
> THE COURT: Your attorney went over that provision with you?

>[THE MOVANT]: And the question is whether I have a right to appeal if they give me 160 months?
>
>THE COURT: Well, the at [sic] agreement says that if you get any sentence that is within below that range of 168 to 210 months, within or below that range, do you understand that?
>
>[THE MOVANT]: Yes.

Tr. at 12–13.

Judge Ellis also questioned movant regarding defense counsel's performance. At one point he asked: "Are you satisfied with your attorney" to which movant responded: "Yes." Tr. at 7:7–8. He also asked, on numerous occasions, whether defense counsel had explained certain matters to movant. For example, he asked: "Has your attorney explained to you the factors that are listed in [18 U.S.C. § 3553(a)]?" to which movant responded "Yes." Tr. at 11:12–15. Finally, Judge Ellis asked whether movant was pleading voluntarily, of his "own free will and choice." Tr. at 15:16. Movant responded "Yes." Tr. at 13:17. After further proceedings, Judge Ellis accepted the plea agreement. Tr. at 18.

After movant pled guilty to the charge, defense counsel sent a sentencing letter to the court explaining his relationship with movant and describing movant's strong family support. See Letter of Scott Brettschneider (Oct. 23, 2012). Included with this letter were eight other letters from family members and character references describing movant's kindness and urging the court to impose a light sentence. See Opp. Mem. Mot. Vac. Ex. C.

3

This court held a sentencing hearing on February 19, 2013. Defense counsel asked the court to impose a below statutory minimum sentence, arguing that movant would have qualified for a "safety valve" reduction if a firearm had not been involved in the offense. Tr. Fed. 19, 2013 3–4. Counsel noted that a firearm was not used during the specific offense charged and should not be considered in arriving at a sentence. Tr. at 4. Moreover, counsel pointed to movant's strong family support, and suggested that his client would benefit from a drug treatment program. Id.

The court calculated movant's guidelines sentencing range to be 168 to 210 months' imprisonment. The court acknowledged that movant had almost qualified for the safety valve reduction, saying "[I]n my view, under all of the circumstances, including what has been described today about the fact that the safety valve . . . was something which was pretty close to effect." Tr. at 9:16–17. However, the court went to say: "Of course, it did not for reasons of the possession of the gun." Tr. at 9:17–18. Ultimately, the court imposed a below-guidelines sentence of 120 months' imprisonment, equal to the statutory minimum. Tr. at 9:20. The court also recommended that movant be placed in a drug treatment program. Tr. at 10:4–5.

Soon after the sentence was imposed, movant began writing defense counsel asking for a copy of his client file. See, e.g., Letter from Raul Polanco to Scott Brettschneider (July 30, 2013). Movant has provided copies of two letters to this effect. See Dkt. #10. Defense counsel never responded to these requests.

4

As a result, movant filed a motion to compel defense counsel to provide him a copy of the file. See Dkt. #6. This court granted the motion on May 7, 2014, ordering that: "attorney Scott Brettschneider shall forthwith search his files and provide to Polanco, by May 21, 2014, all materials still in his possession relating to his representation of Polanco to which Polanco is entitled." Order of May 7, 2014 at 1.

On June 2, 2014, defense counsel provided an affirmation to the court stating, "During my representation of Mr. Polanco, I gave him all the discovery produced by the Government, as well as any other items I had relating to his case. I retained no copies of Mr. Polanco's case file." Aff. Scott Brettschneider ¶ 4. Movant denies ever having received any documents from defense counsel. Letter from Raul Polanco to the Court (June 9, 2014). He claims that "at no time did Attorney Brettschneider ever give me any document." Id. (emphasis in original).

## Discussion

The government argues that the instant motion is barred because movant waived his right to appeal or collaterally attack his sentence.

"It is by now well-settled that a defendant's knowing and voluntary waiver of his right to appeal a sentence within an agreed upon guideline range is enforceable." United States v. Djelevic, 161 F.3d 104, 106 (2d Cir. 1998). The waiver is made "knowingly" if the defendant fully understood its potential consequences. United States v. Ready, 82 F.3d 551, 557 (2d Cir. 1996),

5

*superseded on other grounds by statute as stated in* United States v. Cook, 722 F.3d 477, 481 (2d Cir. 2013). This requirement that a waiver be "knowing" is reflected in the Federal Rules of Criminal Procedure, which require the court accepting the plea agreement to ensure the defendant understands the waiver's consequences. See Fed. R. Crim. P. 11(b)(1)(N). With regard to the voluntariness requirement, a waiver is "voluntary" if done volitionally, meaning of the defendant's own free will. See United States v. Nichols, 56 F.3d 403, 416 (2d Cir. 1995).

While appeal waivers are generally enforceable, a defendant may escape the waiver by claiming ineffective assistance of counsel at the plea agreement stage. See Parisi v. United States, 529 F.3d 134, 138 (2d Cir. 2008). This exception is rooted in notions of fairness—an appeal waiver which is the product of counsel's ineffectiveness should not be used to block a claim for relief based on that very ineffectiveness. United States v. Hernandez, 242 F.3d 110, 114 (2d Cir. 2001). However, the movant must show that counsel's advice regarding the appeal waiver was deficient in some material way, rendering the acceptance of the waiver fundamentally "unknowing." See id. In determining whether this occurred, the court is entitled to consider and credit the defendant's responses at the plea colloquy, even though those responses may contradict his later assertions. See United States v. DeJesus, 219 F.3d 117, 121 (2d Cir. 2000).

If a defendant claiming ineffective of assistance of counsel overcomes the appeal waiver, the court will then asses the claim on the merits. The test for

6

determining whether a defendant received ineffective assistance of counsel is straightforward: "First, the defendant must show that counsel's performance was deficient . . . . Second, the defendant must show that the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687 (1984).

The government argues that the instant motion is barred by movant's acceptance of an appeal waiver. Indeed, movant accepted a plea agreement that specifically waived the right to bring a § 2255 motion challenging "any sentence within or below the Stipulated Guidelines Range of 168 to 210 months imprisonment." Plea Agreement at 5. Since movant was sentenced to 120 months' imprisonment, below the stipulated range, the appeal waiver will bar the instant motion if it was made knowingly and voluntarily.

The record clearly indicates that the appeal waiver was made knowingly and voluntarily. At the plea hearing, Magistrate Judge Ellis carefully discussed the appeal waiver with movant. Tr. July 27, 2011 at 12–13. He asked whether movant understood that he was waiving the right to appeal or litigate a sentence within the stipulated guidelines' range. Id. at 12:17–20. Movant responded, "Yes." Id. at 21. Despite this unequivocal response, Magistrate Judge Ellis went further, asking movant whether defense counsel had discussed the appeal waiver with him. Id. at 12:22–23. Movant responded with a question, asking what would happen if he received a sentence of 160 months. Id. at 24–25. The Magistrate Judge then explained that the appeal waiver applied "if you get any sentence that is within below that range of 168 to 210 months, within or below

7

that range, *do you understand that*?" Id. at 13:1–3 (emphasis added). Movant responded "Yes." Id. at 13:4. Judge Ellis went on to question whether movant was accepting the plea agreement voluntarily, asking "Are you making this plea voluntarily, that is of your own free will and choice?" Id. at 13:15–16. Movant responded, "Yes." Id. at 13:17.

This exchange illustrates movant's comprehension of the appeal waiver, and voluntary acceptance thereof. The Magistrate Judge did not simply ask movant yes or no questions, but went on to probe his actual understanding of the waiver. Movant answered these inquiries affirmatively, and even posed a hypothetical question asking what effect the appeal waiver would have if he received a sentence lower than the stipulated guidelines range. This question, followed by further explanation from the Magistrate Judge, indicates that movant subjectively understood the consequences of waiving his right to collaterally attach his sentence.

Movant now argues that he did not understand the appeal waiver because "at no time did Attorney Brettschneider allow me to review the plea agreement." Letter from Raul Polanco to the Court (Oct. 7, 2014) at 2. He says that there is no way he could have reviewed the plea agreement because the plea agreement mistakenly says "he is not a citizen of the United States." Id. at 2 (quoting Plea Agreement at 5–6). Movant argues that if he had actually been aware of the plea agreement, he would have informed defense counsel that he is, in fact, a United States Citizen. Id. at 2.

8

But the essential fact is that movant's current assertions flatly contradict his responses to Magistrate Judge Ellis's questions, in which he repeatedly stated that he understood the plea agreement and had gone over it with defense counsel. See Tr. July 27, 2011 at 3, 4, 7, 9, 12. This court sees no reason to credit his new version of events over that described to Judge Ellis. The transcript of the plea hearing shows that Magistrate Judge Ellis carefully explained the plea agreement to movant, and engaged in a substantial dialogue regarding the effects of the appeal waiver.

Movant argues that defense counsel erroneously advised him that he would he would qualify for the "safety valve" reduction, and that by accepting the plea agreement he would serve "not more than 6 ½ years." Letter from Raul Polanco to the Court (Oct. 7, 2014) at 2. This assertion is wholly unsubstantiated. However, even if the court were to accept it as true, Magistrate Judge Ellis clearly explained to movant that the count he was pleading guilty to carried a statutory minimum sentence of ten years' imprisonment. Tr. July 22, 2011 at 12:13. As discussed, movant acknowledged that he understood this, and went on to ask what the effect of the appeal waiver would be if he were sentenced to 160 months. Id. at 12:25. This question indicates that movant was under no illusion that his plea would result in a 6 ½ year sentence.

Movant has provided other examples of defense counsel's alleged ineffectiveness, but none of these go to counsel's performance at the plea agreement stage. For example, movant argues, and this court agrees, that

9

defense counsel was impermissibly unresponsive to his requests for a copy of his client file. See Order of May 7, 2014 at 1. Indeed, as movant points out, defense counsel may have a history of failing to return client files. See Letter from Raul Polanco to the Court (Oct. 7, 2014) at 4 (citing Serrano v. Smith, No. 03 CIV. 9107 (NRB), 2004 WL 2884299, at *1 (S.D.N.Y. Dec. 13, 2004) ("Petitioner's mother and sister . . . allege that Mr. Brettschneider . . . refused to return petitioner's file to them."). However, this does nothing to undermine defense counsel's performance in relating the terms of the plea agreement to movant, or in explaining the import of the appeal waiver to him. Based on petitioner's responses at the plea hearing, the court is satisfied that he understood and voluntarily accepted the plea agreement and the appeal waiver it contained.

## Conclusion

For the reasons state above, the motion to vacate, set aside, or correct sentence is denied.

SO ORDERED

Dated: New York, New York
August 17, 2015

Thomas P. Griesa
U.S. District Judge



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/17/15

10