```
UNITED STATES DISTRICT COURT              USDC SDNY
SOUTHERN DISTRICT OF NEW YORK             DOCUMENT
------------------------------------x     ELECTRONICALLY FILED
                                          DOC #:
RAUL POLANCO,                             DATE FILED: 04/27/2017

                    Plaintiff,

          - against -                     14-CV-01540 (TPG)
                                          11-CR-00002 (TPG)

UNITED STATES OF AMERICA,                 OPINION

                    Defendant.


------------------------------------x
```

Plaintiff Raul Polanco seeks relief pursuant to Federal Rule of Civil Procedure 60(b) from the court's previous denial of his motion under 28 U.S.C. § 2255 (2012) to vacate, set aside, or correct his sentence. For the reasons stated below, Polanco's Rule 60(b) motion is denied.

## BACKGROUND

Polanco filed a motion under 28 U.S.C. § 2255 (2012) to vacate, set aside, or correct his sentence on February 24, 2014. ECF No. 1 (14-CV-01540). On April 3, 2014, Polanco sought the court's permission to submit an additional memorandum of law in support of his motion. ECF No. 5 (14-CV-01540). The court granted this request and directed Polanco to file his memorandum by July 21, 2014. ECF No. 8, at 2 (14-CV-01540). The court, however, never received an additional memorandum from Polanco. On August 17, 2015, the court denied Polanco's § 2255 motion, holding that he voluntarily waived his right to collaterally attack his sentence. ECF No. 14 (14-CV-01540).

1

Polanco now seeks relief pursuant to Federal Rule of Civil Procedure 60(b) from the court's denial of his § 2255 motion. In his Rule 60(b) motion, dated April 17, 2017, Polanco asks the court to reopen the original § 2255 proceedings because his supplemental memorandum was not considered. ECF No. 23, at 6-7, 9-12. According to Polanco, he drafted a supplemental memorandum after receiving the court's permission to submit one, but inadvertently sent it to the U.S. Attorney's Office rather than the Clerk of Court. ECF No. 23, at 3-4 (14-CV-01540). The U.S. Attorney's Office then allegedly kept the memorandum and did not disclose its existence to the court, nor did it inform Polanco that he sent the memorandum there in error. ECF No. 23, at 4 (14-CV-01540).

Polanco states that he only learned recently that he sent his memorandum to the wrong address and that the court did not receive it. ECF No. 23, at 4-6 (14-CV-01540). He claims that he is entitled to relief because, as a result of the U.S. Attorney's Office failing to forward the memorandum, the court denied his § 2255 motion based on an incomplete record. ECF No. 23, at 6 (14-CV-01540).

**DISCUSSION**

Under Rule 60(b) of the Federal Rules of Civil Procedure, the court may relieve a party from a final judgment based on:

    (1) mistake, inadvertence, surprise, or excusable neglect;

    (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

2

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment [being] void;

(5) the judgment [having] been satisfied, released, or discharged; it [being] based on an earlier judgment that has been reversed or vacated; or [if] applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). "A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order." Fed. R. Civ. P. 60(c). Rule 60(b) is "extraordinary judicial relief" and can be granted "only upon a showing of exceptional circumstances." *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986); *see also Empresa Cubana Del Tabaco v. Gen. Cigar Co.*, 385 F. App'x 29 (2d Cir. 2010) (citing *Pichardo v. Ashcroft*, 374 F.3d 46, 55 (2d Cir. 2004)) (noting that Rule 60(b) motions are "disfavored" in the Second Circuit).

The scope of Rule 60(b) in the habeas context is limited to prevent movants from circumventing the statutory restrictions on filing successive habeas motions. *Arroyo v. United States*, No. 01-CV-7165 (AGS), 2007 WL 1180549, at *2 (S.D.N.Y. Apr. 23, 2007). Specifically, "relief under Rule 60(b) is available with respect to a previous habeas proceeding only when the Rule 60(b) motion attacks the integrity of the habeas proceeding and not the underlying criminal conviction." *Harris v. United States*, 367 F.3d 74, 76 (2d Cir. 2004). And even when a Rule 60(b) motion does attack the integrity of a previous habeas proceeding, it should be denied if it is not meritorious. *Id.* at

3

82; *Rodriguez v. Mitchell*, 252 F.3d 191, 200 (2d Cir. 2001).

## I. Rule 60(b)(1) and 60(b)(3)

Although Polanco does not specify the subsection of Rule 60(b) on which he relies, his arguments potentially implicate Rule 60(b)(1), which allows the court to relieve the party from a final judgment based on mistake or inadvertence, and Rule 60(b)(3), which allows the court to relieve a party from a final judgment based on misconduct by an opposing party. Motions pursuant to Rules 60(b)(1) and (b)(3), however, must be filed no more than a year after the entry of the judgment. Fed. R. Civ. P. 60(c). This limitations period is "absolute." *Warren v. Garvin*, 219 F.3d 111, 114 (2d Cir. 2000) (quoting James William Moore, Moore's Federal Practice § 60.65(2)(a), at 60-200 (3d ed. 1997)); *see also Martinez v. City of New York*, No. 11-CV-7461 (JMF) (RLE), 2012 WL 5438914, at *1 (S.D.N.Y. Nov. 7, 2012) (describing Rule 60(b)(1)–(3)'s time limitation as "strict" and holding that the court "does not have the power to extend it").

The court denied Polanco's § 2255 motion on August 17, 2015. ECF No. 14 (14-CV-01540). Polanco filed this Rule 60(b) motion on April 21, 2017. ECF No. 23 (14-CV-01540). Accordingly, to the extent Polanco seeks relief under Rules 60(b)(1) or (b)(3), his motion must be denied as untimely. More than one year elapsed between the court's entry of judgment and Polanco's filing of this Rule 60(b) motion.

## II. Rule 60(b)(6)

The only remaining question is whether Polanco's motion could be construed under Rule 60(b)(6), the catchall provision, which covers "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). "Relief under Rule 60(b)(6) is appropriate only in cases presenting 'extraordinary' circumstances." *First Fidelity Bank, N.A. v. Gov't of Antigua & Barbuda*, 877 F.2d 189, 196 (2d Cir. 1989) (quoting *Ackermann v. United States*, 340 U.S. 193, 202 (1950)). A Rule 60(b)(6) motion is not subject to the strict one-year time limitation that applies to motions brought under Rules 60(b)(1), (b)(2), or (b)(3), and need only be made "within a reasonable time." Fed. R. Civ. P. 60(c). Rule 60(b)(6) applies, however, "only if the other, more specific grounds for relief encompassed by the rule are inapplicable." *Maduakolam v. Columbia Univ.*, 866 F.2d 53, 55 (2d Cir. 1989). In particular, litigants may not use Rule 60(b)(6) "simply to circumvent the time limits of other provisions of Rule 60(b)." *First Fidelity Bank*, 877 F.2d at 196; *see also Warren v. Garvin*, 219 F.3d 111, 114 (2d Cir. 2000).

Because mistake or inadvertence, under Rule 60(b)(1), and misconduct by the opposing party, under Rule (b)(3), are more specific grounds fitting Polanco's claims, Polanco cannot proceed under Rule 60(b)(6). Thus, Polanco's Rule 60(b) claim is also denied under this subsection.

## CONCLUSION

Polanco's Rule 60(b) motion is denied. This order resolves the motion pending at docket number 23 in 14-CV-01540, and the motion pending at docket number 39 in 11-CR-00002. The Clerk of Court is respectfully directed

to mail a copy of this order to Polanco and note service on the docket.

SO ORDERED

Dated: New York, New York
September 27, 2017

*Thomas P. Griesa*
Thomas P. Griesa
U.S. District Judge